IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GUILLERMO RUIZ,                    :
                                   :
        Petitioner                 :    CIVIL NO. 3:CV-15-1612
                                   :
    v.                             :    (Judge Conaboy)
                                   :
WARDEN DAVID EBBERT,               :
                                   :
        Respondent                 :

## MEMORANDUM
### Background

Guillermo Ruiz, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. Petitioner has also submitted an in forma pauperis application which will be granted for the sole purpose of the filing of the petition with this Court. Named as Respondent is USP-Lewisburg Warden David Ebbert.

Ruiz states that he was convicted of being a felon in possession of ammunition affecting interstate commerce and possession of a firearm and silencer without a serial number in the United States District Court for the Southern District of Florida. On November 19, 1998, Petitioner was sentenced to a 312 month term of imprisonment. There is no indication that a direct appeal was filed.

Petitioner acknowledges that in 2003 he filed a motion seeking relief pursuant to 28 U.S.C. § 2255 which in part challenged the legality his ACCA sentence enhancement and also raised claims of ineffective assistance of counsel and defective indictment. See Doc. 3, ¶ 10. According to the Petitioner, his § 2255 motion was dismissed on July 22, 2003 as being time barred by the sentencing court.

Ruiz's pending action asserts that his sentence was enhanced under the Armed Career Criminal Act (ACCA) which resulted in the imposition of a "term of imprisonment exceeding the authorized statutory maximum penalty." Doc. 1, ¶ 5. Petitioner, relying upon the June 26, 2015 United States Supreme Court decision in Johnson v. United States, 135 S. Ct 2551 (2015), argues that the determination that he was subject to a ACCA sentence enhancement was a due process violation because his federal offense was not a crime of violence or a drug offense and he is not a career offender. See id. at ¶ 13. Furthermore, his prior state convictions do not qualify as "violent or drug felonies." Doc. 2, p. 2. Ruiz elaborates that based upon the Johnson holding that the residual clause of the ACCA was unconstitutionally vague,[1] he is entitled to relief as his prior state convictions no longer qualify as a predicate

---

[1] See United States v. Terry, 2015 WL 4255527 (W. D. Pa. July 14, 2015) Johnson recognized that "the catchall definition of violent felony in the ACCA is unconstitutionally vague."

2

offenses for an ACCA enhancement. As relief, Ruiz asks that his sentence be reduced to the statutory maximum sentence and he be granted immediate release from custody. See id., at p. 6.

### Discussion

A federal prisoner challenging the legality of his or her sentence is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Relief is only available under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not

inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 2009 WL 1020218, at *2 (3d Cir. Apr. 16, 2009).

Ruiz's pending Johnson based argument challenges the validity of his sentence which was imposed by the Southern District of Florida. Petitioner does not contend that he is actually innocent of the underlying federal criminal offense. Rather, he solely contends that his ACCA sentence enhancement was improper. Based upon the nature of his claim, Petitioner must follow the requirements of § 2255.

One federal appellate court recently recognized that Johnson is a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. See Price v. United States, 2015 WL 4621024 (7th Cir. Aug. 4, 2015). However, the Tenth Circuit Court of Appeals in In Re Gieswein, 2015 F.3d 5534388 * 5 (Sept. 21, 2015) held the opposite, deciding that the Supreme Court did not expressly state that Johnson applies retroactively. Based upon this Court's research, the Third Circuit Court of Appeals has not yet addressed this issue.

4

However, this Court agrees with the approach taken by Wood v. Maiorana, 2015 WL 4663267 *4 (M.D. Pa. Aug. 6, 2015) which recognized that since § 2255 plainly provides an avenue for litigating the merits of a Johnson based sentencing claims, such an argument should be addressed by the court which is ultimately the most appropriate forum, i.e. the sentencing court. Given the very recent decision of Johnson, the contrary approaches taken to date by the Courts of Appeals regarding the retroactivity of Johnson, and the fact that our Third Circuit Court of Appeals has not yet addressed the issue, this Court will likewise take the approach suggested by Wood.

Since Petitioner acknowledges that he previously pursued an unsuccessful § 2255 motion, he must obtain certification from the appropriate Court of Appeals to file another collateral challenge to his sentence. However, neither the sentencing court nor the Eighth Circuit Court of Appeals have had opportunity to address the validity of Light's pending Johnson based argument.

Given those circumstances, the reasoning set forth in Wood, the conflicting approaches taken by the Courts of Appeals regarding Johnson, and Ruiz's failure to demonstrate that he is actually innocent if the underlying federal offenses, Petitioner's § 2241 petition will be dismissed without prejudice. See Anderson v. Snyder-Norris, No. 15-CV-57, 2015 WL

5

5174234 *5 (E.D. Ky. Sept. 2, 2015), <u>Cockrell v. Kreuger</u>, No. 1:15-CV-1279, 2015 WL 4648029 (C.D. Ill. Aug. 5, 2015)

If Petitioner wishes to challenge his ACCA sentence enhancement under <u>Johnson</u> he may do so by seeking authorization from the the appropriate Court of Appeals to file a second or successive § 2255 petition regarding his <u>Johnson</u> claim. <u>See id</u>. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER    , 2015